**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW W. SHALABY; SONIA DUNN-RUIZ, <br><br>              Plaintiffs - Appellants, <br><br>   v. <br><br> NEWELL RUBBERMAID, INC.; THE HOME DEPOT, INC.; IRWIN INDUSTRIAL TOOL COMPANY, INC.; BERNZOMATIC, <br><br>              Defendants-cross-claimants - Appellees, <br><br>   and <br><br> WESTERN INDUSTRIES, INC.; WORTHINGTON INDUSTRIES, <br><br>              Cross-defendants - Appellees, | No. 09-56331 <br><br> D.C. No. 3:07-cv-02107-MMA-BLM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

_____

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 7, 2010
Pasadena, California

Before: FRIEDMAN,[**] D.W. NELSON, and REINHARDT, Circuit Judges.

This is a diversity products liability case under California law that the appellants, Andrew W. Shalaby, and his wife, Sonia Dunn-Ruiz, filed for injuries he sustained when a handheld, gas-powered torch that he had purchased from a Home Depot store exploded. The district court granted summary judgment for the defendants, and we affirm.

To establish a prima facie case of products liability, California law requires:

> [S]ubstantial evidence establishing both the defect and causation (a substantial probability that the design defect, and not something else, caused the plaintiff's injury) and where . . . the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation.

*Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (Cal. Ct. App. 2005).

1. Determining the cause of the explosion here required exploration and evaluation of complex facts and theory "beyond common experience." It presented questions of physics, metallurgy, and engineering related to the construction, composition, design and operation of a handheld torch attached to a gas cylinder.

---

** The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

The district court properly recognized that the plaintiffs therefore were required to present expert testimony on these issues to establish a prima facie case.

2. The district court did not abuse its discretion in excluding the testimony of the plaintiffs' two expert witnesses. The experts' proposed testimony was developed in pretrial proceedings, and the district court discussed it in detail in its opinion. The trial court has broad discretion to admit or reject expert testimony to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 589, 592–93 (1993).

The court excluded the testimony of one of those witnesses, Dr. Anderson, a metallurgy expert, as unreliable and irrelevant. To support his theory that a design defect in the torch caused the explosion, Dr. Anderson conducted two tests on exemplar torches to demonstrate the flaw. The district court concluded that because Dr. Anderson had performed only two non-standardized tests, on torches that may have been different from the one here at issue, and did not adequately explain the results of or discuss the possible rate of error for such tests, his testimony would be unreliable. It would also be unreliable because he did not address certain contradictory evidence. Finally, he did not present adequate

3

evidence that the design flaw caused Shalaby's injuries, rendering his testimony irrelevant.

The district court excluded the testimony of the other witness, Dr. Vredenburgh, because she was not a qualified expert and, even if she were, her testimony was unreliable and irrelevant. Dr. Vredenburgh's field of expertise was not torches; she had some experience in the formulation of warning instructions for various devices. When asked whether a different or larger warning would have helped in Shalaby's case, Dr. Vredenbugh testified that "I don't know why [the torch] failed, so I don't know that a warning would have helped." She stated that she had never operated a handheld torch and had not seen one operated in seventeen years. She had not spoken to any users of handheld torches in many years, and she had incorrectly testified about how such a torch is used. Dr. Vredenburgh admitted that she did not collect any empirical data, did not conduct any testing, did not conduct any surveys, did not seek data from manufacturers, did not review any peer-reviewed literature, did not conduct any other kind of research prior to forming her opinion, and did not follow her own typical process for developing product warnings.

The district court's exclusion of these two witnesses' testimony meant that the plaintiffs had not presented the "expert testimony . . . required to establish causation." *Stephen*, 134 Cal App. 4th at 1373. The district court correctly applied California law in concluding that the plaintiffs had not established a prima facie case, and the court therefore properly granted summary judgment for the defendants.

3. We have considered but find unpersuasive the various other arguments the appellants make against the district court's decision. Those contentions need not be discussed.

AFFIRMED.